| | |
|---|---|
| 1 | BRANDYE N. FOREMAN<br>State Bar No. 277110 |
| 2 | BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP |
| 3 | 20955 Pathfinder Road, Suite 300<br>Diamond Bar, California 91765 |
| 4 | (626) 915-5714 – Phone<br>(972) 661-7726 - Fax |
| 5 | File No. 7214745<br>ndcaecf@BDFGroup.com |
| 6 | |
| 7 | Attorney for Movant<br> WELLS FARGO BANK, N.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>ALTON PURVIS, JR.,<br>dba INTERNATIONAL CATERING NETWORK,<br>dba CONTRACT MAINTENANCE & CONCEPTS,<br><br><br><br>Debtor. | CASE NO.: 17-52004 SLJ-13<br>CHAPTER: 13<br>R.S. NO.: EAT-1882<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>[PROPERTY: 3421 ANTONACCI COURT, SAN JOSE, CA 95148-1750]<br><br>DATE: 1/16/2018<br>TIME: 10:30 a.m.<br>PLACE: U.S. Bankruptcy Court<br>Courtroom 3099<br>280 S. First Street<br>San Jose, California 95113-3099 |

WELLS FARGO BANK, N.A. ("Movant" or "Creditor"), its assigns and/or successors in interest hereby moves the court for an Order Terminating Automatic Stay for cause pursuant to *11 U.S.C. §362(d)(1)* on the grounds hereafter set forth:

1.  On August 21, 2017, the Debtor ALTON PURVIS, JR. dba INTERNATIONAL CATERING NETWORK dba CONTRACT MAINTENANCE & CONCEPTS ("Debtor") commenced this voluntary Chapter 13 case in the United States Bankruptcy Court for the District of California, San

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Jose Division, Case No. 17-52004 SLJ-13. DEVIN DERHAM-BURK is the duly appointed, qualified and acting Chapter 13 Trustee.

2. The court has subject matter jurisdiction over this Motion for Relief from the Automatic Stay under the provisions of *28 U.S.C. Section 157(b)* and *11 U.S.C. Section 362*. Venue in this court is proper under the provisions of *28 U.S.C. Sections 1*408 and *1409*.

3. The Debtor's estate includes real property commonly known as **3421 ANTONACCI COURT, SAN JOSE, CA 95148-1750** ("Property"), and legally described in the attached Deed of Trust.

4. On or about March 22, 2006, Debtor ALTON PURVIS, JR. executed a promissory note in the original sum of $695,000.00 in favor of World Savings Bank, FSB. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. The note is secured by a first priority deed of trust against said real property recorded on March 30, 2006 as Document No. 18868274 in the Office of the County Recorder of Santa Clara County, California. The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between World Savings Bank, FSB, kna Wachovia Mortgage, FSB and the Debtor(s) dated March 12, 2008 (the "Loan Modification Agreement").

5. Movant was formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Effective December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB. Effective November 1, 2009, Wachovia Mortgage, FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged into and became a division of Wells Fargo Bank, National Association.

6. The Debtor defaulted in his monthly payment obligations prior to bankruptcy filing, and a Proof of Claim itemizing the debtor pre-petition default has been filed. Movant commenced non judicial foreclosure proceedings against the real property by recording a Notice of Default on March 24, 2017. A Notice of Trustee's sale was recorded on July 21, 2017. The foreclosure sale is currently set for December 29, 2017.

7. As of **December 5, 2017**, there are one or more defaults in paying post-petition amounts due with respect to the Debt Agreement.

8. As of **December 5, 2017**, the unpaid principal balance of the Debt Agreement is $733,806.23.

9. The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt Agreement, that have been missed by the Debtor as of **December 5, 2017**:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 3 | 09/15/2017 | 11/15/2017 | $3506.23 | $960.02 | $4,466.25 | $13,398.75 |
| **Less post-petition partial payments (suspense balance):** | | | | | | ($3,714.00) |

**Total: $9,684.75**

10. On or about May 20, 2010, ALTON PURVIS, JR. filed a prior voluntary petition under Chapter 13, and was assigned Case No. 10-55257 SLJ-13. On January 11, 2011, an Order Granting Motion for Relief from the Automatic Stay was entered by the bankruptcy court.

11. On or about February 14, 2011, ALTON PURVIS, JR. filed a prior voluntary petition under Chapter 13, and was assigned Case No. 11-51334 SLJ-13. On December 20, 2011, an Order on Wells Fargo Bank, N.A.'s Motion for Relief from the Automatic Stay was entered by the bankruptcy court.

12. On or about April 22, 2013, ALTON PURVIS, JR. dba INTERNATIONAL CATERING NETWORK dba CONTRACT MAINTENANCE & CONCEPTS filed a prior voluntary petition under Chapter 13, and was assigned Case No. 13-52212 SLJ-13. On March 3, 2017, an Order Granting Motion for Relief from Automatic Stay was entered by the bankruptcy court.

13. Debtor filed a First Amended Chapter 13 Plan on September 18, 2017, alleging that his loan obligation with Movant was the subject of a loan modification application. The Debtor's Plan further provided that, pending the outcome of the loan modification application, the Chapter 13 trustee will not pay any prepetition arrears claimed by Movant and that Debtor shall make a monthly modification installment of $1,238.00.

14. Prior to the bankruptcy filing, Movant determined that Debtor is ineligible for a loan modification and a denial letter was sent to Debtor on or about May 17, 2017. Debtor's loan is not currently under active loan modification review.

15. The Debtor's material default constitutes cause to terminate the automatic stay under 11 U.S.C. Section 362(d)(1) so that Movant can progress enforcement of its contractual default remedies to foreclose upon and recover possession of the real property. *See In re Ellis*, 60 B.R. 432, 434-435 (9th Cir. BAP 1985).

WHEREFORE, movant prays for an Order as follows:

1. For an order granting relief from the automatic stay under *11 U.S.C. Section 362(d)(1)* to allow moving party to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Relief from the Automatic Stay be binding and effective notwithstanding any conversion of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing, or court order.

4
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 17-52004    Doc# 29    Filed: 12/20/17    Entered: 12/20/17 15:43:28    Page 4 of 5

3. That the Order Granting Motion for Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a )(3)* of the *Federal Rules of Bankruptcy Procedure*.

4. For such other relief as the court deems proper.

BARRETT DAFFIN FRAPPIER TREDER
& WEISS, LLP

Dated: 12/20/2017                  By:     /s/ Brandye N. Foreman
                                                                         BRANDYE N. FOREMAN
                                                                         Attorney for Movant